**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

KEVIN DONNELL MURPHY,                    *
                                     *
    Plaintiff,                   *
                                     *        Civ. No. MJM-24-1591
  v.                                 *
                                     *
MONIQUE BROCKENBOROUGH,                   *
                                     *
    Defendant.                   *
           * * * * * * * * * *

## MEMORANDUM

Self-represented plaintiff Kevin Donnell Murphy ("Plaintiff") filed this civil action against Monique Brockenborough ("Defendant" or "Ms. Brockenborough"), Director of the United States Department of State's Washington Passport Agency, alleging a multitude of claims, including claims pursuant to the Administrative Procedure Act ("APA"), the Federal Torts Claims Act ("FTCA"), the Due Process Clause of the Fifth Amendment, federal criminal statutes such as the Hobbs Act and the Racketeer Influenced and Corrupt Organizations ("RICO") Act, the Equal Protection Clause of the Fourteenth Amendment, the Freedom of Information Act ("FOIA"), 42 U.S.C. § 1983, the Fair Debt Collection Practices Act ("FDCPA"), and breach of contract. ECF Nos. 4, 4-1. This matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 30), and numerous filings by Plaintiff (ECF Nos. 11, 12, 19, 23, 25, 33, 34, 37, 39, 48, 50, 54, 58, 59, 63, 64, 65, 66, 70, 71,73, 74, 78, 80, 81, 82, 83, 86, 88, 90, 94, 99, 100, 101). The Motions are ripe for disposition.[1] No hearing is necessary.

---

[1] On April 24, 2025, Defendant filed a notice with the Court detailing the extensive filings made by Plaintiff in this case and explained that as of the day of filing, Defendant timely responded to all filings relevant to the proceeding and that in the interest of judicial economy, Defendant does not intend to file further

*See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the Court shall grant Defendant's motion to dismiss, grant Plaintiff's motion to withdraw an improperly filed document, and deny Plaintiff's remaining motions.

## I.    BACKGROUND

### A.  Factual Background

On or before July 7, 2022, a state agency certified to the United States Department of Health and Human Services ("HHS") that Plaintiff owed child support arrearages in an amount exceeding $2,500. ECF No. 30-1 at 6. That certification was transmitted by HHS to the United States Department of State ("State Department"). ECF No. 30-2. In a letter dated July 7, 2022, the State Department's Washington Passport Agency notified Plaintiff that, pursuant to 22 C.F.R. § 51.60(a)(2), he was "ineligible to receive passport services because [HHS] certified that [he] owe[d] child support." *Id.* The letter advised Plaintiff that "[*n*]*either this passport agency nor the* [*State Department*] *has information concerning your child support obligation*[,]" and instructed Plaintiff to "contact and make appropriate arrangements with the relevant state child support agency within ninety (90) days from the date of this letter." *Id.* It further stated, "[i]f satisfactory payment arrangements have not been made with the relevant state within 90 days of the date of this letter, your application will be denied. The [State Department] cannot change, override, or appeal this policy." *Id.*

In a subsequent letter dated February 7, 2023, the State Department, through Ms. Brockenborough, informed Plaintiff that his passport application was denied because State Department "records indicate [Plaintiff's] eligibility [for a passport] has not changed" due to

---

response to Plaintiff's motions (including ECF Nos. 63, 64, 65, 66, 71, 73, 74, 78, 80, 81, 82, 83) that may call for a response unless requested by the Court to do so. ECF No. 76.

Plaintiff's failure to resolve his child support obligations with the relevant state within the 90-day timeframe. ECF No. 30-3. That letter reiterated that the State Department could not "review or appeal since only the individual state child support enforcement agency and [HHS] can do so," and it further advised that, "[b]y law, the passport execution and application fees are non-refundable." *Id.*

### B. Procedural Background

On June 3, 2024, Plaintiff filed his initial complaint against Defendant. ECF No. 1. The Court granted Plaintiff leave to proceed in forma pauperis. ECF Nos. 2, 6. Nine days later, on June 12, 2024, Plaintiff filed an Amended Complaint, which is the operative complaint.[2] ECF Nos. 4, 4-1. On September 23 and 26, 2024, Plaintiff filed motions for entry of default, ECF Nos. 11, 12, and Defendant filed an opposition, ECF No. 13. Defendant filed a motion for extension of time to respond to Plaintiff's Amended Complaint, ECF No. 14, which this Court subsequently granted, ECF No. 15.

On October 9, 2024, Plaintiff filed a motion for sanctions, ECF No. 19, and Defendant filed a response in opposition, ECF No. 21. On November 7, 2024, Plaintiff filed a motion for judicial relief, ECF No. 23, and a second motion for sanctions, ECF No. 25. Defendant opposed both motions. ECF No. 29.

On November 22, 2024, Defendant timely filed a motion to dismiss, or in the alternative, for summary judgment. ECF No. 30. Plaintiff responded in opposition, ECF No. 32, and filed his own motion for summary judgment, ECF No. 33, and two documents styled as "amended request for relief," ECF Nos. 34, 37, on December 5, 2024. Less than two weeks later, on December 18,

---

[2] Plaintiff filed two motions to amend complaint, ECF Nos. 5, 10, which were denied without prejudice by this Court for failure to comply with Federal Rule of Civil Procedure 8 and 15, and Local Rules 102.2(a) and 103.6(a). ECF No. 62.

2024, Plaintiff filed an amended motion for summary judgment. ECF No. 39. Defendant subsequently filed a reply in support of her motion, ECF No. 40, a response in opposition to Plaintiff's motion for summary judgment, ECF No. 41, and a response in opposition to a number of Plaintiff's other filings, ECF No. 42.

On January 16, 2025, Plaintiff filed a motion for relief from unlawful denial of U.S. passport, ECF No. 48, and another motion for sanctions, ECF No. 50. Defendant filed responses in opposition to both motions, ECF Nos. 51, 52, and Plaintiff filed a reply in support of his motion for sanctions, ECF No. 53. The following month, on February 18, 2025, Plaintiff filed a motion to "continue on with sanctions," ECF No. 54 at 1, which Defendant opposed, ECF No. 55, and Plaintiff filed a reply, ECF No. 57. On March 28, 2025, Plaintiff filed another motion for summary judgment, ECF No. 58, and a motion to challenge unlawful passport suspension, ECF No. 59.

On April 10 and 11, 2025, Plaintiff filed a flurry of motions: another motion for sanctions, ECF No. 63; a motion to compel, ECF No. 64; a motion to contest due process violation and petition for judicial review, ECF No. 65; a motion for immediate renewal of paid passport, ECF No. 66; a motion for leave to amend to add defendants, ECF No. 70; and another motion for summary judgment, ECF No. 71. Defendant filed a response in opposition to Plaintiff's motion to challenge unlawful passport suspension. ECF No. 72. Five days later, Plaintiff filed yet another motion for summary judgment, ECF No. 73, and a motion for judicial relief, ECF No. 74. Defendant filed a response in opposition to Plaintiff's motion to amend. ECF No. 75. Plaintiff filed a reply in support of his motion to challenge unlawful passport suspension. ECF No. 77. Plaintiff subsequently filed a motion for default judgment, ECF No. 78; a motion to strike, ECF No. 80; a motion to compel, ECF No. 81; a motion for declaratory and injunctive relief, ECF No. 82; and a motion to correct Defendant's misrepresentation of federal responsibility, ECF No. 83. Thereafter,

Plaintiff filed another motion to add defendants, ECF No. 86; a motion to update the named defendants, ECF No. 88; a motion to compel discovery, ECF No. 90; a motion to compel production of documents, ECF No. 94; and another motion for entry of default, ECF No. 99.[3]

## II.    PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT AND FOR DEFAULT JUDGMENT

Plaintiff filed two motions for default in September 2024, ECF Nos. 11, 12, and thereafter filed a third motion for entry of default, ECF No. 99. Rule 55(a) of the Federal Rules of Civil Procedure, governing the entry of default, states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff's first two motions for entry of default must be denied because they were filed before Defendant's deadline to respond to the Amended Complaint, and the third motion for default must be denied because Defendant timely filed a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. *See* ECF No. 30. The Amended Complaint was filed on June 12, 2024, ECF No. 4, and a summons was issued on August 9, 2024, ECF No. 7. Defendant was served with a copy of Plaintiff's Amended Complaint on August 20, 2024. ECF No. 9 at 1. Pursuant to Rule 12(a)(2), Defendant's deadline to respond to the Amended Complaint is sixty days "after service on the United States attorney." Fed. R. Civ. P. 12(a)(2). In this case, no response was due until October 2024. *See id.* Defendant timely filed a motion for extension of time to respond to the Amended Complaint, ECF No. 14, and this Court granted that motion, ECF No. 15. That Order gave Defendant until and including November 22, 2024, to respond. ECF No. 15. Defendant timely

---

[3] Plaintiff also filed a motion for judgment, ECF No. 100, but then moved to withdraw a misfiled document, ECF No. 101, requesting withdrawal of the motion for judgment. Plaintiff states, in essence, that the motion for judgment was improvidently filed, citing a clerical error. The motion to withdraw shall be granted.

filed a motion to dismiss, or in the alternative, for summary judgment on November 22, 2024. ECF No. 30. Rule 12(b) provides that such a motion to dismiss must be filed before filing a responsive pleading. Fed. R. Civ. P. 12(b). Because Defendant filed a timely Rule 12(b) motion in response to the Amended Complaint, Plaintiff cannot show any failure by Defendant to assert a defense to Plaintiff's claims. Therefore, entry of default would be improper.

Plaintiff has also filed motions for default judgment. ECF Nos. 78, 100. "For a plaintiff to obtain a default judgment, Rule 55 [of the Federal Rules of Civil Procedure] sets forth a two-step process that first requires the entry of a default by the clerk or the court under Rule 55(a) and then entry of a default judgment under Rule 55(b)." *Amerifactors Fin. Grp., LLC v. PHD Tech. Sols., LLC*, Civ. No. RDB-19-0207, 2019 WL 2579349, at *1 (D. Md. June 24, 2019). Once a default is entered, under Rule 55(b)(1), the clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Here, no default had been entered against Defendant at the time Defendant filed its Rule 12(b) motion and at the time Plaintiff moved for default judgment under Rule 55(b). Plaintiff's motions for default judgment must be denied because no default has been entered.

Moreover, the U.S. Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Because Defendant has filed a timely Rule 12(b) motion asserting defenses to Plaintiff's claims and continued to participate in this litigation thereafter, the Court shall dispose of this case on its merits rather than by default.

## III.    PLAINTIFF'S MOTIONS TO AMEND

Plaintiff has filed multiple motions to amend his pleading by adding defendants. ECF Nos. 70, 86.

This Court previously issued an Order denying Plaintiff's prior attempts to amend his Amended Complaint based, in part, on failures to comply with the Local Rules of this district. *See* ECF No. 62 (giving Plaintiff until April 21, 2025, to file a motion compliant with the requirements in Local Rules 102.2(a) and 103.6(a)). Although Plaintiff timely filed his renewed motion to amend, ECF No. 70, his filing still fails to comply with Local Rules 102.2(a) and 103.6(a). Plaintiff did include a proposed amended complaint along with his motion to amend, but the two documents seek to add different defendants. The motion itself states that Plaintiff seeks to add "[the] United States Bureau of Consular Affairs . . . [the] United States Department of State . . . [and] Anthony Blinken, in his official capacity as the Secretary of State." *Id.* But the accompanying proposed amendment seems to be a new complaint for an entirely different claim, naming the United States Attorney for the District of Maryland and an Assistant United States Attorney ("AUSA") as defendants, and alleging violations of Plaintiff's rights stemming from Defendant's actions defending this suit. ECF No. 70-2. The motion is devoid of any reference to the U.S. Attorney or AUSA, or the grounds to add them as defendants to this case. The proposed amendment, likewise, is devoid of any reference to the Bureau of Consular Affairs, the State Department, or the Secretary of State, or the bases to add them as defendants to the case. Plaintiff cannot initiate a new and separate suit through the filing of an amended complaint.

Regardless of which set of defendants Plaintiff seeks to add, neither the motion nor the proposed amendment complies with the Local Rules. First, they fail to comply the requirement set forth in Local Rule 102.2(a) that the caption provide the name and address of each defendant sought to be added. The Court specifically instructed Plaintiff about this requirement in its previous

Order denying Plaintiff's prior motions to amend. *See* ECF No. 62 at 2. Additionally, and more importantly, Plaintiff fails to follow Local Rule 103.6(a) in his attempt to add the U.S. Attorney and AUSA as defendants, given the mismatch between the motion to amend and the proposed amendment. ECF Nos. 70, 70-2.

Plaintiff's subsequent motion to add defendants, ECF No. 86, similarly fails to comply with the requirements in the Local Rules for amending a complaint to add defendants.

Though failure of strict compliance with the Local Rules will not necessarily prove fatal to a pro se plaintiff's motion to amend, "[t]he rules pertaining to amendments . . . help ensure that the court has available all the information it needs to determine whether leave can be appropriately granted. As such, even *pro se* litigants must follow them." *Meadows v. Charles Cnty. Sch. Bd. of Educ.*, Civ. No. DKC 16-2897, 2017 WL 2618272, at *3 (D. Md. June 16, 2017), *dismissed*, 696 F. App'x 105 (4th Cir. 2017). In this case, considering that Plaintiff was given clear instructions about the requirements applicable to motions for leave to amend, the Court deems it appropriate and necessary to deny Plaintiff's motions to amend and to add defendants, ECF No. 70, 86. The Court shall treat the Amended Complaint docketed at ECF No. 4 as the operative complaint.

## IV.    DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT

Defendant moves to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim for relief under Rule 12(b)(6), and alternatively moves for entry of summary judgment in her favor under Rule 56. ECF No. 30 at 1.

### A.  Standard of Review

#### 1.  Rule 12(b)(1)

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. "The plaintiff bears the burden of proving,

by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed in one of two ways: either a facial challenge . . . or a factual challenge." *Id.* (internal quotation marks and citations omitted). A facial challenge "assert[s] that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.* A defendant's facial challenge "will be evaluated in accordance with the procedural protections afforded under Rule 12(b)(6), which is to say that the facts alleged in the Complaint will be taken as true . . . ." *Est. of Jones v. Md. Dept. of Pub. Safety*, Civ. No. JRR-21-01889, 2024 WL 493269 at *2 (D. Md. Feb. 8, 2024) (citing *Kerns v. United States*, 585 F.3d 187, 192–93 (4th Cir. 2009) and *Trump*, 416 F. Supp. 3d at 480). A factual challenge, on the other hand, asserts "that the jurisdictional allegations of the complaint are not true." *Trump*, 416 F. Supp. 3d at 479 (cleaned up) (quoting *Kerns*, 585 F.3d at 192). In a factual challenge, the court "is entitled to decide disputed issues of fact with respect to subject matter jurisdiction. . . . In that circumstance, the court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (internal quotation marks and citations omitted).

### 2. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not include "detailed factual allegations," but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable, and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted). Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (third alteration in *Iqbal*).

When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" the defendant's liability for the alleged wrong and the plaintiff's entitlement to the remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Ordinarily, "a court is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). However, courts may "consider documents that are explicitly incorporated into the complaint by reference" or "document[s] submitted by the movant" that are "integral to the complaint" if "there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted). Additionally, "courts may take judicial notice of publicly available records without converting a motion to dismiss to a motion for summary judgment." *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 503 (D. Md. 2019); *see also Corbitt v. Baltimore City Police Dep't*, 675 F. Supp. 3d 578, 583 n.5 (D. Md. 2023) (citation omitted) ("On a motion to dismiss, a court may take judicial notice of matters of public record.").

"[P]*ro se* filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must "construe [pro se] pleadings liberally." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff'"; rather, the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted) (quoting *King*, 825 F.3d at 212, 214).

**B. 42 U.S.C. § 652(k) and the Passport Denial Program**

The Passport Denial Program ("Program") is a part of the Federal Collections and Enforcement Program and "helps states enforce past-due support obligations." *Overview of the Passport Denial Program*, ADMIN. FOR CHILD. & FAMS., U.S. DEP'T OF HEALTH & HUM. SERVS., https://www.acf.hhs.gov/css/training-technical-assistance/overview-passport-denial-program [https://perma.cc/DZ7V-3H56] (last visited Sept. 24, 2025). The Program is administered by HHS's Administration for Children & Families, Office of Child Support Services ("OCSS"). *See id.* OCSS describes the Program as follows: "Under the program, [OCSS] submits a record of parents certified by a state as having arrearages exceeding $2,500 to the State Department. The State Department denies the parents U.S. passports upon application or the use of a passport service." *Id.*

The program was established by Congress in the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, P.L. 104-193, § 370, 110 Stat. 2105 (Aug. 22, 1996), which was codified at 42 U.S.C. § 652(k). Section 652(k), titled "Denial of Passports for Nonpayment of Child Support," provides the following:

> (1) If the Secretary[4] receives a certification by a State agency in accordance with the requirements of section 654(31)[5] of this title

---

[4] Pursuant to 42 U.S.C. § 1301(a)(6), "[t]he term 'Secretary', except when the context otherwise requires, means the Secretary of Health and Human Services." 42 U.S.C. § 1301(a)(6).

[5] 42 U.S.C. § 654(31) provides that:

> A State plan for child and spousal support must . . .

> (31) provide that the State agency will have in effect a procedure for certifying to the Secretary, for purposes of the procedure under section 652(k) of this title, determinations that individuals owe arrearages of child support in an amount exceeding $2,500, under which procedure—

>> (A) each individual concerned is afforded notice of such determination and the consequences thereof, and an opportunity to contest the determination; and

that an individual owes arrearages of child support in an amount
exceeding $2,500, the Secretary shall transmit such certification to
the Secretary of State for action (with respect to denial, revocation,
or limitation of passports) pursuant to paragraph (2).

(2) The Secretary of State shall, upon certification by the Secretary
transmitted under paragraph (1), refuse to issue a passport to such
individual, and may revoke, restrict, or limit a passport issued
previously to such individual.

(3) The Secretary and the Secretary of State shall not be liable to an
individual for any action with respect to a certification by a State
agency under this section.

42 U.S.C. § 652(k).

In practice, the Program works as follows: State child support enforcement agencies submit

certified debts exceeding $2,500 to OCSS. *See* 42 U.S.C. §§ 652(k)(1), 654(31). OCSS is then

required to transmit those state certifications to the State Department. *See* 42 U.S.C. § 652(k)(1)

("the Secretary shall transmit such certification to the Secretary of State for action"). Following

transmission of the certification, the State Department is required to refuse to issue a passport to a

debtor, or it may revoke, restrict, or limit a passport previously issued to the debtor. *Id.* § 652(k)(2).

### C. Claims Asserted in the Amended Complaint

Defendant's motion requires the Court to assess the legal sufficiency of the claims asserted

in Plaintiff's Amended Complaint.[6] The Amended Complaint is nearly 100 pages in length and is

---

(B) the certification by the State agency is furnished to the
Secretary in such format, and accompanied by such supporting
documentation, as the Secretary may require[.]

42 U.S.C. § 654(31).

[6] The Court notes that Defendant has attached certain documents to her motion, which the Court finds to be
integral to the Complaint and matters about which the Court may take judicial notice, and there is no
genuine dispute as to their authenticity. The Court may consider these materials without converting
Defendant's motion to dismiss to one for summary judgment. See *Goines*, 822 F.3d at 165–66; *Corbitt*, 675
F. Supp. 3d at 583 n.5 (D. Md. 2023).

quite dense and, at times, unclear. *See* ECF Nos. 4, 4-1. It appears to contain numerous complaints strung together and individually signed, each advancing their own causes of action and supporting authorities. *See* ECF No. 4-1. This Court will address those causes of action that it can glean and construe from the composite pleading.

### 1. Statutory Immunity

This Court notes at the outset that Defendant is entitled to statutory immunity pursuant to 42 U.S.C. § 652(k)(3). That provision provides that "[t]he Secretary [of HHS] and the Secretary of State shall not be liable to an individual for any action with respect to a certification by a State agency under this section." 42 U.S.C. § 652(k)(3). Defendant, acting under the authority of the Secretary of State, is therefore immune from suits related to the denial of a passport due to the certification of debt by a state agency. *See Parent v. New York*, 786 F. Supp. 2d 516, 543 (N.D.N.Y. 2011), *aff'd*, 485 F. App'x 500 (2d Cir. 2012) (recognizing that 42 U.S.C. § 652(k)(3) "entitle[s] [the Secretary of State] to statutory immunity); *Dewald v. Clinton*, No. 09-13117, 2010 WL 3583385, at *8 n.11 (E.D. Mich. Sept. 13, 2010) (recognizing that "42 U.S.C. § 652(k)(3) provides statutory immunity" to the HHS Secretary and Secretary of State). Here, the denial of Plaintiff's passport due to certification of debt is the gravamen of his Amended Complaint, and the entire action is barred based on statutory immunity and subject to dismissal.

### 2. Administrative Procedure Act

Plaintiff cites the APA as legal grounds for his claims, contends that the denial of his passport due to unpaid child support is unlawful, and appears to challenge the State Department's inability to review or appeal a state agency's child support decision. ECF No. 4-1 at 1–5. Under the APA, a reviewing court may "hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5

U.S.C. § 706(2)(A). Plaintiff's APA claims fail because Defendant's actions relating to the denial of Plaintiff's passport application were not plausibly arbitrary or capricious, nor were they contrary to law. *See* 5 U.S.C. § 706(2)(A). To the contrary, her actions were wholly in accordance with the express language of 42 U.S.C. § 652(k), which mandates the State Department to refuse to issue a passport to an individual owing arrearages of child support in an amount exceeding $2,500 for whom HHS has transmitted a certification by a state agency of unpaid child support exceeding $2,500. *See* 42 U.S.C. §§ 652(k)(1), 652(k)(2). Because Defendant's actions denying Plaintiff's passport were authorized by § 652(k), Plaintiff's APA claim fails as a matter of law and must be dismissed.

### 3. Constitutional Claims

Plaintiff asserts claims under the Due Process Clause of the Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment based upon the denial of his passport application. *See generally* ECF No. 4-1. The Amended Complaint cites 42 U.S.C. § 1983. ECF No. 4-1 at 30. Section 1983 provides a cause of action against any "person" who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Thus, "§ 1983 applies only to state officers acting under color of state law," making it inapplicable here. *Chin v. Wilhelm*, 291 F. Supp. 2d 400, 404 (D. Md. 2003). Defendant is a federal officer. Therefore, Plaintiff's § 1983 claim must be dismissed.[7]

---

[7] This Court will not construe Plaintiff's § 1983 claim as a *Bivens* claim because a proper *Bivens* claim must be brought against the official in their individual capacity. "To state a *Bivens* claim, a plaintiff must allege that 'a federal agent acting under color of h[er] [federal] authority' violated his constitutional rights." *Williams v. United States*, Civ. No. DKC-21-537, 2021 WL 1720230, at *2 (D. Md. Apr. 30, 2021) (quoting *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971)) (second alteration in *Williams*); *see also Head v. Rakowski*, 695 F. Supp. 3d 663, 691 (D. Md. 2023). Even though

Even if Plaintiff's claims for relief based on alleged constitutional violations had a proper legal vehicle, this Court agrees with the U.S. Courts of Appeals for the Second and Ninth Circuits in concluding that Plaintiff's due process and equal protection challenges fail as a matter of law. *See Weinstein v. Albright*, 261 F.3d 127 (2d Cir. 2001); *Eunique v. Powell*, 302 F.3d 971 (9th Cir. 2002).

The Fifth Amendment to the United States Constitution provides, in relevant part, that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. There are two types of due process: substantive and procedural.

"To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). "Protected liberty interests may arise from two sources—the Due Process Clause itself and the laws of the States." *Menk v. MITRE Corp.*, 713 F. Supp. 3d 113, 176 (D. Md. 2024) (quoting *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). This Court will assume that the right to international travel is a protected liberty interest. *See Haig v. Agee*, 453 U.S. 280, 307 (1981) (quoting *Califano v. Aznavorian*, 439 U.S. 170, 176 (1978)); *see also id.* at 306 ("The Court has made it plain that the *freedom* to travel outside the United States must be distinguished from the *right* to travel within the United States."). But Plaintiff's claim fails to demonstrate that the deprivation of any liberty interest he has in

---

Plaintiff is pro se and his pleading must be liberally construed, *Bing*, 959 F.3d at 618, "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff'"; rather, the Court need only "determine the actual meaning of the words used in the complaint," *Williams*, 716 F.3d at 805 (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Here, Plaintiff does not indicate that Defendant is sued in her individual capacity. *See generally* ECF No. 4-1. To the contrary, Plaintiff specifically makes his allegations against Defendant in her "official capacity." *See id.* at 30 ("The plaintiff contends that the defendant, acting in their official capacity . . . ."). Because there is no indication in the Amended Complaint that Defendant is named in her individual capacity, and to the contrary, seems to be named in her official capacity, this Court will not construe the § 1983 claim as a *Bivens* claim.

international travel was done without due process. Section 652(k) requires that a certification by a state agency that an individual owes child support in an amount exceeding $2,500 complies with the requirements in 42 U.S.C. § 654(31). 42 U.S.C. § 652(k)(1). In turn, § 654(31) requires that, before a state may certify that an individual is at least $2,500 behind in child support payments, "each individual concerned is afforded notice of such determination and the consequences thereof, and an opportunity to contest the determination." *Id.* § 654(31)(A).

Due process can be satisfied by a federal agency, or a state or local agency, as long as the individual is given notice and an opportunity to be heard. *Weinstein*, 261 F.3d 127, 135 (citing *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). The statutory framework here gives individuals, like Plaintiff, notice and a meaningful opportunity to be heard before the state agency, the body that makes the determination as to whether that person will be certified to OCSS and the State Department. *Id.* Further, requiring a second hearing before the State Department would be futile because the State Department's role is "purely ministerial" under 42 U.S.C. § 652(k)(2). *Id.* at 136; *see also* 42 U.S.C. § 652(k)(2) ("The Secretary of State *shall*, upon certification by the Secretary transmitted under paragraph (1), refuse to issue a passport to such individual, and may revoke, restrict, or limit a passport issued previously to such individual.") (emphasis added). Ultimately, the statute comports with procedural due process, and Plaintiff's procedural due process claim must be dismissed.

"To succeed on a substantive due process claim, a plaintiff must demonstrate '(1) that he had property or a property interest; (2) that the state deprived him of this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that *no process* could cure the deficiency.'" *Talley v. Folwell*, 133 F.4th 289, 302 (4th Cir. 2025) (quoting *Quinn v. Bd. of Cnty. Comm'rs for Queen Anne's Cnty.*, 862 F.3d

433, 443 (4th Cir. 2017)). This is a high bar because "[s]ubstantive due process is a 'narrow' protection." *Id.* (quotation omitted). Substantive due process "covers only state action which is 'so arbitrary and irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies.'" *Id.* (quoting *Sylvia Dev. Corp. v. Calvert Cnty, Md.*, 48 F.3d 810, 827 (4th Cir. 1995)); *accord Rucker v. Harford Cnty.*, 946 F.2d 278, 281 (4th Cir. 1991), *cert. denied*, 502 U.S. 1097 (1992). *See also Eunique*, 302 F.3d at 974 (holding that 42 U.S.C. § 652(k) was subject to rational basis review and "easily passes that test"). Here, Plaintiff's alleged deprivation has other remedies. If Plaintiff pays his child support, he could inform the requisite passport agency and become eligible for a passport again. Further, Defendant's actions concerning Plaintiff's passport application were not "so arbitrary and irrational" as to shock the conscience. *Rucker*, 946 F.2d at 281. Instead, Defendant properly denied Plaintiff's passport application based on the certification that he owed more than $2,500 in child support obligations, as required by 42 U.S.C. § 652(k).

Finally, "[e]qual protection requires a plaintiff to allege that he or she 'has been treated differently from others who are similarly situated' in light of "the appropriate level of constitutional scrutiny." *Talley*, 133 F.4th at 303 (quoting *Doe v. Settle*, 24 F.4th 932, 939 (4th Cir. 2022)). To establish a violation of the Equal Protection Clause, Plaintiff must demonstrate that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *English v. Clarke*, 90 F.4th 636, 649 (4th Cir. 2024) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). Here, the Amended Complaint fails to plead any facts showing that Plaintiff was treated differently

from others to whom he is similarly situated, or that the allegedly unequal treatment was a result of intentional discrimination. *See generally* ECF No. 4-1.

In sum, each of Plaintiff's constitutional claims fail as a matter of law and must be dismissed.

### 4. Federal Tort Claims Act

Plaintiff alleges a violation of the FTCA. *See* ECF No. 4-1 at 58–65. The FTCA "allows a plaintiff to bring certain state-law tort suits against the Federal Government." *Brownback v. King*, 592 U.S. 209, 210–11 (2021) (citing 28 U.S.C. § 2674; 28 U.S.C. § 1346(b)). However, Plaintiff's Amended Complaint fails to identify any state-law tort that Defendant purportedly violated. *See generally* ECF No. 4-1. Further, Defendant is not the proper defendant to a FTCA action as the express language of the FTCA provides that liability may be against only the United States. *See* 28 U.S.C. § 2679. It is well-established that "the proper defendant in [a] FTCA action is the United States." *Chang-Williams v. Dep't of the Navy*, 766 F. Supp. 2d 604, 608 (D. Md. 2011). Therefore, any potential FTCA claim is subject to dismissal for failure to state a plausible claim for relief.

### 5. Freedom of Information Act

Plaintiff's Amended Complaint purports to raise a FOIA claim and alleges that Defendant and the State Department have "refus[ed] to provide access to public records, namely a certified copy of [Defendant]'s oath of office and her surety bond." ECF No. 4-1 at 15. A proper FOIA request to the State Department must be made pursuant to 22 C.F.R. § 171.4. Additionally, "before seeking judicial review," "a FOIA requester must 'exhaust [his] administrative remedies[] by appealing an issue through the FOIA administrative process following an initial adverse determination by the agency.'" *Elliott v. U.S. Dep't of Agric.*, Civ. No. LKG-22-00142, 2023 WL 4175355, at *3 (D. Md. June 26, 2023) (first alteration in *Elliot*) (quoting *Coleman v. Drug Enf't*

*Admin.*, 714 F.3d 816, 820 (4th Cir. 2013)). Under the State Department's FOIA regulations, a requester must file such an appeal in writing "within 90 calendar days after the date of the adverse determination," 22 C.F.R. § 171.15(a)(1), and an appeal is required "[b]efore [a requester may] seek[] review by a court of the [State] Department's adverse determination," 22 C.F.R. § 171.15(e). "A FOIA requester fails to exhaust administrative remedies under FOIA if the requester fails to file a timely administrative appeal," and "a failure to exhaust administrative remedies under FOIA deprives the court of subject matter jurisdiction." *Elliott*, 2023 WL 4175355, at *3 (cleaned up) (internal quotation marks and citations omitted). Here, Plaintiff's Amended Complaint leaves unclear whether he first filed a FOIA request in writing to the appropriate State Department office, as required by 22 C.F.R. § 171.4, or exhausted his administrative remedies before filing suit. Therefore, Plaintiff's FOIA claim fails for lack of subject matter jurisdiction and must be dismissed.

### 6. Criminal Allegations

Next, the Amended Complaint appears to advance claims under the Hobbs Act (18 U.S.C. § 1951), RICO Act (18 U.S.C. §§ 1961–68), and mail and wire fraud statutes (18 U.S.C. §§ 1341, 1343). *See* ECF No. 4-1 at 12. These claims will all be dismissed because, in general, violations of statutes codified in Title 18 of the United States Code are criminal acts enforceable by the United States and do not provide a private cause of action. *See Jones v. Luthi*, 586 F. Supp. 2d 595, 602, 616 (D.S.C. 2008), *aff'd*, 324 F. App'x 253 (4th Cir. 2009) (no private cause of action under mail or wire fraud statutes); *Brantley v. Nationstar Mortg. LLC*, No. CV 9:19-0490-BHH-BM, 2019 WL 8918793, at *5 (D.S.C. Oct. 8, 2019), *report and recommendation adopted*, No. CV 9:19-0490-BHH, 2020 WL 1181309 (D.S.C. Mar. 11, 2020) (collecting cases) (no private cause of action under Hobbs Act). *See generally Bell v. S.C. State Hous. Fin. & Dev. Auth.*, No. CV 3:24-

6493-SAL-SVH, 2024 WL 5240590, at *3 (D.S.C. Nov. 20, 2024), *report and recommendation adopted*, No. 3:24-CV-6493-SAL, 2024 WL 5239865 (D.S.C. Dec. 27, 2024) ("Generally, there is no private right of action under Title 18.") (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). A civil RICO claim may be brought by a "person injured in his business or property by reason of a violation of section 1962[.]" 18 U.S.C. § 1964(c). This provision does not apply here because Plaintiff does not allege any facts to suggest that Defendant committed any offenses that are predicates to RICO, and he does not allege any injury to his business or property. For the foregoing reasons, Plaintiff's claims under various criminal statutes must be dismissed.

### 7.  Fair Debt Collection Practices Act

The Amended Complaint seems to raise a claim under the FDCPA (15 U.S.C. § 1692 *et seq.*). ECF No. 4-1 at 75. "To state a claim under the FDCPA, a plaintiff must allege that: '(1) the plaintiff has been the object of collection activity arising from consumer debt'; (2) 'the defendant is a debt collector as defined by the FDCPA'; and (3) 'the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Jackson v. Sagal*, 370 F. Supp. 3d 592, 600 (D. Md. 2019) (cleaned up) (quoting *Sterling v. Ourisman Chevrolet of Bowie Inc.*, 943 F.Supp.2d 577, 585 (D. Md. 2013)). Here, Plaintiff's FDCPA claim fails because Defendant is not a debt collector as defined by the statute, and her actions in denying Plaintiff's passport application were not collection activities arising from consumer debt. *See* 15 U.S.C. § 1692a(6) (defining debt collector); *see generally id.* § 1692.

### 8.  Breach of Contract

Finally, Plaintiff appears to bring a claim for breach of contract. ECF No. 4-1 at 53. Plaintiff contends that Defendant breached a contractual obligation that was owed to him. *Id.* Under Maryland law, "[t]o 'prevail in an action for breach of contract, a plaintiff must prove that the

defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation.'" *Kantsevoy v. LumenR LLC*, 301 F. Supp. 3d 577, 596 (D. Md. 2018) (quoting *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001)). Plaintiff fails to identify any plausible contractual obligation Defendant owed him. Plaintiff's passport application was not a contract between the parties—it was a request to the State Department to issue him a passport, which the State Department was not obligated to fulfill. *See* 22 C.F.R. § 51.60 (detailing the circumstances in which the State Department may not issue a passport to applicants, as well as the circumstances in which the State Department may choose to refuse to issue a passport to applicants). Further, because passport execution and application fees are non-refundable pursuant to 22 C.F.R. §§ 51.51, 51.55, *see* ECF No. 30-3, any argument that Plaintiff paid for a passport he did not receive cannot be the basis for a breach of contract action.

### 9. Other Claims

Outside of the claims discussed above, Plaintiff cites to a plethora of other statutory, regulatory, constitutional, and treaty provisions, including, but not limited to: the Passport Act of 1926; the Immigration and Nationality Act; unidentified foreign treaties; various constitutional provisions such as the Supremacy Clause; the Sixth Amendment; the Tenth Amendment; the Universal Declaration of Human Rights; and numerous other statutes and regulations. *See generally* ECF No. 4-1. To the extent that Plaintiff raises any alleged violations of these laws as claims for relief, they all fail because Defendant is entitled to immunity under 42 U.S.C. § 652(k)(3) and because Plaintiff fails to provide facts sufficient to state a plausible claim.

In sum, Defendant's motion to dismiss or, alternatively, for summary judgment shall be granted, and the Amended Complaint shall be dismissed. Because Defendant's motion will be granted, Plaintiff's motions for summary judgment, for production of documents, and for other

forms of relief must be denied as moot. ECF Nos. 23, 33, 34, 37, 39, 48, 58, 59, 64, 65, 66, 71, 73, 74, 80, 81, 82, 83, 88, 90, and 94.

## V.    PLAINTIFF'S MOTIONS FOR SANCTIONS

Plaintiff has filed multiple motions for sanctions. ECF Nos. 19, 25, 50, 54, 63. Rule 11 of the Federal Rules of Civil Procedure requires that parties certify that their filings are well-grounded in law and fact following a reasonable inquiry, Fed. R. Civ. P. 11(b), and provides sanctions for a party's or counsel's failure to comply with these requirements, Fed. R. Civ. P. 11(c). *See also In re Bees*, 562 F.3d 284, 289 (4th Cir. 2009) (holding the relevant test is whether the conduct was captured at the time of filing). Courts issue sanctions when filings lack proper diligence or are frivolous. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (noting that Rule 11 sanctions are intended to deter baseless filings and maintain the integrity of judicial proceedings); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (recognizing the court's inherent power to impose sanctions for conduct that abuses the judicial process).

In his first two motions for sanctions, ECF Nos. 19 and 25, Plaintiff contends that sanctions are warranted based on his allegations that defense counsel has misrepresented and manipulated evidence. A review of the docket shows that Defendant properly recounted the procedural posture of the case as it stood at that time. ECF Nos. 21, 29. Defendant correctly noted that Ms. Brockenborough is the only defendant named in the Amended Complaint, ECF No. 4, as the State Department had been crossed out, *id.* at 3, and was subsequently terminated from the record. A summons was never issued to the State Department, and the State Department is not a defendant in this case. Regardless, Defendant's behavior in recounting the procedural history is not unreasonable, has not prejudiced Plaintiff in any way, and is not subject to sanctions.

In his next motion for sanctions, Plaintiff contends that Ms. Brockenborough and her counsel have allegedly: (1) "disregarded Plaintiff's constitutional rights" and repeatedly failed to acknowledge those rights in their pleadings; (2) "failed to engage with [Plaintiff's] claims properly, instead relying on administrative law arguments and ignoring constitutional case law that supports Plaintiff's claims"; and (3) "continually misinterpret[ed] or disregard[ed] constitutional law in favor of administrative procedures." ECF No. 50 at 1–2. This motion will likewise be denied. Plaintiff does not identify specific instances of misconduct, nor does he support his request with relevant legal authority. Defendant's filings are factually and legally supported, are not improper or misleading, and are responsive to the litany of alleged claims raised in this case.

Plaintiff filed two more motions for sanctions. ECF Nos. 54, 63. These motions seem to stem from the Declaration of Scott Hale, which is a declaration that was submitted by federal government defendants in support of their dispositive motion in another case filed by Plaintiff in this District, *Kevin Donnell Murphy v. U.S. Department of Health and Human Services, et al.*, Case Civ. No. JRR-24-01592. Defendant did not submit Mr. Hale's declaration in this matter; Plaintiff did, *see* ECF No. 33-19. It is unclear how a declaration submitted in another case would call for sanctions in the instant case. The declaration attests to the certification that HHS received from the Delaware Division of Child Support Services concerning Plaintiff's outstanding child support obligations, which was ultimately transmitted and resulted in Plaintiff's passport application being denied. ECF No. 33-19 at 2. Mr. Hale's declaration is not the certification itself. Further, any request for sanctions against Defendant based on improper submissions, ECF No. 54, will be denied because there have been no improper submissions by Defendant in this case.

For the foregoing reasons, each of Plaintiff's motions for sanctions, ECF Nos. 19, 25, 50, 54, 63, will be denied.

## VI.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss or, in the alternative, for summary judgment (ECF No. 30) will be GRANTED. Plaintiff's motion to withdraw misfiled document (ECF No. 101) will be GRANTED, and his remaining motions (ECF Nos. 11, 12, 19, 23, 25, 33, 34, 37, 39, 48, 50, 54, 58, 59, 63, 64, 65, 66, 70, 71,73, 74, 78, 80, 81, 82, 83, 86, 88, 90, 94, and 99) will all be DENIED.

A separate Order will follow.


_____9/25/25_____                            _____/S/_____
Date                                         Matthew J. Maddox
                                             United States District Judge

25